# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MIKE DU TRIEU,
CDCR #AE-4750,

                                    Plaintiff,

vs.

DR. G. CASIAN; D. VAN BUREN;
MATTHEW CATE,

                                    Defendants.

Civil No.     14cv2400 GPC (MDD)

**ORDER:**

**(1) GRANTING PLAINTIFF'S
MOTIONS TO PROCEED
*IN FORMA PAUPERIS*
(ECF Doc. Nos. 3, 5,7)**

**AND**

**(2)  SUA SPONTE DISMISSING
COMPLAINT FOR FAILING TO
STATE A CLAIM PURSUANT
TO 28 U.S.C. §§ 1915(e)(2)
AND 1915A(b)**

Mike Du Trieu  ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro se, has initiated this civil action pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff has filed three Motions to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. Nos. 3, 5, 7).

## I.    PLAINTIFF'S MOTIONS TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$350.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motions, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119.  Plaintiff's trust account statement shows insufficient funds from which to pay a partial initial filing fee.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

14cv2400 GPC (MDD)

means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available.").

Therefore, the Court GRANTS Plaintiff's Motions to Proceed IFP (ECF Doc Nos. 3, 5, 7), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, while the court "ha[s] an obligation where

the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

### A.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.  Respondeat Superior and Individual Liability

Plaintiff names Matthew Cate, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") as a Defendant. *See* Compl. at 1-2. However, his Complaint contains virtually no allegations that this individual knew of or took any part in any constitutional violation. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

Plaintiff includes no specific details as to what Cate specifically did, or failed to do, which resulted in the violation of any constitutional right. *Iqbal*, 662 U.S. at 678 (noting that FED.R.CIV.P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

Thus, to the extent it appears Plaintiff seeks to sue Secretary Cate only by virtue of his position within the prison and/or his supervisory duties over other correctional or medical officials, in order to avoid the respondeat superior bar, his pleading must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and include a description of personal acts by each individual defendant which show a direct causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and with deliberate indifference, failed to act to prevent them. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Taylor*, 880 F.2d at 1045. If there is no affirmative link between a defendant's conduct and the alleged injury, there is no deprivation of the plaintiff's constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 370 (1976).

Plaintiff's Complaint similarly lacks specific "factual content that allows the court to draw the reasonable inference" that Cate may be held personally liable for any misconduct, and thus also fails to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly* 550 U.S. at 556, 570).

Thus, as currently pleaded, the Court finds Plaintiff's Complaint sets forth no facts which might be liberally construed to support any sort of individualized constitutional claim against Secretary Cate, who is purportedly being sued based on the position he holds and not because of any individually identifiable conduct alleged to have caused

Plaintiff injury. "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*, 423 U.S. at 370-71). Therefore, Plaintiff has failed to state a claim against Defendant Cate and thus, this Defendant is dismissed on this basis pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### C.   Inadequate Medical Care Claims

Plaintiff alleges that Defendant Casian violated his constitutional rights because he refused to order a colonoscopy for Plaintiff. (*See* Compl. at 3-5.)   Plaintiff claims that his request for a colonoscopy was turned down by Defendant Casian with "deliberate indifference" and thus, failed to "prevent a serious medical condition, cancers of the colon or possible death." (*Id.* at 3.)

As to Plaintiff's medical care, only "deliberate indifference to a [his] serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). First, he must allege a "serious medical need" by demonstrating that "failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at 104).  The Court will assume, for purposes of screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, that Plaintiff had a serious medical need that required medical attention under the Eighth Amendment. *See McGuckin*, 974 F.2d at 1059.

However, even assuming Plaintiff's injury was sufficiently objectively serious to invoke Eighth Amendment protection, he must also include in his pleading enough factual content to show that Defendants actions were "deliberately indifferent" to his needs. *Id.* at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "This

second prong–defendant's response to the need was deliberately indifferent–is satisfied by showing (a) a purposeful act or failure to respond to [the] prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," and claims of medical malpractice or negligence are insufficient to establish a constitutional deprivation. *Simmons v. Navajo County*, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

As currently pleaded, Plaintiff claims that he requested a colonoscopy for pain he was experiencing but Defendant Casian denied this request and ordered Plaintiff to take "lactulose" instead. (Compl. at 3.) Plaintiff believes that a colonoscopy is necessary for his condition and the "denial of the colonoscopy could cause premature death." (*Id.*) However, without more, these "[t]hreadbare recitals of the elements of a[n Eighth Amendment] cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

"Deliberate indifference" is evidenced only when a prisoner can show that the official he seeks to hold liable "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Specifically, Plaintiff must allege "factual content," *Iqbal*, 556 U.S. at 678, which demonstrates "(a) a purposeful act or failure to respond to [his] pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Here, while Plaintiff may not have agreed with Defendant's failure to provide him with a colonoscopy, *see* Compl. at 3, 5, his disagreement, without more does not provide sufficient "factual content" to plausibly suggest that Defendant Casian acted with

deliberate indifference. *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully."). "A difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23. Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment inadequate medical care claim against Defendant Casian, and that these claims must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

Because Plaintiff is proceeding *in pro se*, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to "effectively" amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motions to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 3, 5, 7) are **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY

1  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

2       3.     The Clerk of the Court is directed to serve a copy of this Order on Jeffrey

3  Beard, Secretary, California Department of Corrections and Rehabilitation, 1515 S

4  Street, Suite 502, Sacramento, California 95814.

5       **IT IS FURTHER ORDERED** that:

6       4.     Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which

7  relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

8  However, Plaintiff is **GRANTED** sixty (60) days leave from the date of this Order in

9  which to file an Amended Complaint which cures all the deficiencies of pleading noted

10 above.  Plaintiff's Amended Complaint must be complete in itself without reference to

11 his original pleading.  *See* S.D. CAL. CIVLR. 15.1.  Defendants not named and all claims

12 not re-alleged in the Amended Complaint will be considered waived.  *See King v. Atiyeh*,

13 814 F.2d 565, 567 (9th Cir. 1987).

14      5.     The Clerk of Court is directed to mail a copy of a form § 1983 complaint.

16 DATED:  January 2, 2015

18                       HON. GONZALO P. CURIEL

19                       United States District Judge